**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory Allen ROBERTSON,**
**Defendant–Appellant.**

No. 00–10078.
D.C. No. CR–S–92–102 PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001 *.

Decided March 14, 2001.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before NOONAN, McKEOWN, and WARDLAW Circuit Judges.

MEMORANDUM **

Gregory Allen Robertson ("Robertson") appeals the district court's revocation of his supervised release and his sentence of eighteen months active time in lieu of violating his supervised release. Robertson claims that the district court erred in admitting unreliable hearsay evidence. We have jurisdiction pursuant to 28 U.S .C. § 1291, and we affirm.

---

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. Robertson did not object to the admission of the hearsay testimony at the revocation hearing. Therefore, this court reviews his argument for plain error. *See United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). To show plain error, the appellant must meet four elements: "(1) 'error'; (2) that is 'plain'; and (3) that 'affect[s] substantial rights.' " *Johnson*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *Olano*, 507 U.S. at 732). The fourth element requires that the error "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." *Id.* While Robertson has demonstrated the first two elements, he cannot show that his error affected his substantial rights or "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

▇▇ Because the full panoply of rights due to a defendant in a criminal prosecution does not apply to supervised release revocations, *see Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the court may admit hearsay evidence. *See United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). Nevertheless, in determining whether the admission of hearsay evidence violates the releasee's right to confrontation, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it. *Comito*, 177 F.3d at 1170. Because Robertson did not object to the hearsay testimony at the revocation hearing, the record does not indicate whether the government could have shown good cause for introducing Odell Lewis's statement through the victim, Tamika Pearson, rather than calling Lewis to the stand. It was error for the court to admit the hearsay statement without a showing of good cause.

This error also was "plain" under the law of our circuit. "Plain" is defined as "clear or, equivalently, obvious ... under current law." *Olano*, 507 U.S. at 734, 113 S.Ct. 1770 (internal quotation marks omitted). Because admitting hearsay testimony in a revocation hearing where the government has failed to provide good cause is an obvious error under current law, Robertson satisfies the second prong of the plain-error test.

However, this error did not affect Robertson's substantial rights, nor did it "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736, 113 S.Ct. 1770. The Supreme Court has defined "affecting substantial rights" in most cases as meaning "prejudicial." *Id.* at 734, 113 S.Ct. 1770; *United States v. Krasn*, 614 F.2d 1229, 1235 (9th Cir.1980) (holding that a plain error occurs only in the "situation where reversal is necessary to preserve the integrity and reputation of the judicial process, or to prevent a miscarriage of justice").

Setting aside the hearsay testimony, there was more than a preponderance of evidence that Robertson had violated his supervised release. *See United States v. Soto–Olivas*, 44 F.3d 788, 792 (9th Cir. 1995); *see also Johnson*, 520 U.S. at 470, 117 S.Ct. 1544. Indeed the evidence of guilt was overwhelming. Robertson was charged with violating the terms of supervised release for burglarizing an apartment and was chased by police as he fled, first in a 1998 Black Isuzu, and then after having crashed into a wall, by foot. As the district court noted, "Sergeant Cruz ... identified or recognized Mr. Robertson as the person driving the car ... [a]nd that's reenforced by the fact that, afterwards, he was able to pick Mr. Robertson out of a photo ID lineup." Furthermore, Robert-

son's wallet and keys were found in the 1998 Black Isuzu Rodeo that was temporarily registered under Robertson's wife's name. The evidence also indicated that all of the stolen items from Tamika Peterson's apartment were found in Robertson's car. Moreover, not one of Robertson's alleged alibi witnesses appeared before the court to testify that Robertson was at the Hop Nightclub during the time of the burglary, even after the district court delayed the revocation hearing two days and called one of the witnesses personally so that he would appear on Robertson's behalf.

Futhermore, the district court made a credibility determination that Robertson's testimony regarding his whereabouts on the night of the burglary was false. Because there were several discrepancies in Robertson's testimony that support the district court's credibility determination, this credibility determination further supports revocation of Robertson's supervised release. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("When findings are based on determinations regarding the credibility of witnesses, Rule 52 demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.").

Because the evidentiary standard at a revocation hearing only requires a preponderance of the evidence, *see Soto–Olivas,* 44 F.3d at 792, any error from admitting the hearsay testimony was not plain error.

AFFIRMED.